IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DONALD ANTHONY SINGH, } | | |
| A 12423848, } | | |
|     Petitioner, } | | |
| v. } | | CIVIL ACTION NO. H-08-3250 |
| } | | |
| JANET NAPOLITANO,[1] *et al.*, } | | |
|     Respondents. } | | |

OPINION ON PARTIAL DISMISSAL

Before the Court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 on October 30, 2008, by petitioner Donald Anthony Singh. Petitioner is an immigration detainee in the custody of the Department of Homeland Security, Bureau of Immigration and Customs Enforcement (ICE). At the time he filed the pending petition, he was detained at the Houston Detention Facility awaiting removal to Trinidad or Tobago.

Petitioner is a native and citizen of Trinidad. He entered the United States in 1989, and his status was adjusted to lawful permanent resident in January 1993. He was convicted in February 2008, of delivery by actual transfer of less than one gram of cocaine, in violation of section 481.112 of the Texas Health and Safety Code and was sentenced to six months confinement in county jail. He was taken into ICE custody in April, 2008, after serving three months of his state sentence. On June 4, 2008, an immigration judge ordered him removed. The Board of Immigration Appeals denied his appeal on September 5, 2008. The Fifth Circuit Court of Appeals denied his petition for review on July 28, 2009. *Singh v. Holder*, No.08-60927 (5th Cir. 2009) (not designated for publication).

---

[1] The proper respondent in this case is Janet Napolitano; therefore, the Court substitutes her for Michael Chertoff. *See* FED. R. CIV. P. 25(d)(1).

In the pending petition, petitioner complains that his continued detention violates the Fifth Amendment's Due Process Clause and he requests to be released under an order of supervision. He also seeks an order terminating the removal order against him.

On May 11, 2005, the REAL ID Act of 2005 was signed into law as Division B of the Emergency Supplemental Appropriations Act for Defense, the Global War on Terror, and Tsunami Relief, 2005. Pub. L. No.109-13, § 106(c), 119 Stat. 231 (2005). The REAL ID Act divests federal district courts of jurisdiction over § 2241 petitions attacking removal orders and designates the courts of appeals as the sole forums for such challenges via petitions for review. *See Hernandez-Castillo v. Moore*, 436 F.3d 516, 518 (5th Cir. 2006); *Ramirez-Molina v. Ziglar*, 436 F.3d 508, 512 (5th Cir. 2006); *Rosales v. Bureau of Immigration & Customs Enforcement*, 426 F.3d 733, 736 (5th Cir. 2005). Under the REAL ID Act, this Court has no authority to interfere in removal proceedings. Moreover, in this case, the Fifth Circuit has found the claims in petitioner's petition for review to be without merit. *See* No.08-60927.

Accordingly, to the extent that petitioner seeks relief from the order of removal in the pending habeas action, such claims are DISMISSED for want of jurisdiction. To the extent that petitioner seeks relief from his continued detention, such claims are RETAINED.

It is so ORDERED.

SIGNED at Houston, Texas, this 3rd day of November, 2009.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE